We agree, that not only is there no presumption of authority, but that an inspection of the instrument shows such absence of authority as makes the judgment invalid and requires that the rule be made absolute. The instrument is obviously incomplete; it purports to be executed under "the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.," but no seal is affixed; the signature, "Gregory Sandor, Vice President, Board of Trustees," adds nothing by way of prima facie proof of authority; the instrument not only contains a confession of judgment but releases errors, waives stay of execution and inquisition, etc., as well as exemption of personal property from levy and sale on execution; it is obviously not an ordinary but an extraordinary transaction of a character not usually performed by any officer. While it has been held that a contract executed in the name of a corporation, signed by its president and secretary, with the corporate seal affixed thereto, is presumed to be the act of the corporation: Turnpike Company v. Pass. Ry. Co., 194 Pa. 144, 148, we have been referred to no authority and have found none permitting us to hold that an informally executed paper, such as is before us, can sustain the judgment entered by the prothonotary pursuant thereto: see Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Stokes v. New Jersey Pottery Co., 48 New Jersey Law 237.

The order is reversed, the record remitted with instructions to reinstate the rule to strike off the judgment and to make the rule absolute.

---

## Hamborsky, Appellant, *v.* Magyar Presbyterian Church (No. 2).

Argued March 8, 1922. Appeal, No. 24, March T., 1922, by plaintiff, from judgment of C. P. Lackawanna Co., June T., 1921, No. 307, refusing to discharge rule to

show cause why judgment should not be stricken off, in the case of Rev. Julius Hamborsky v. Magyar Presbyterian Church. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ. Dismissed.

OPINION BY LINN, J., April 17, 1922:

The conclusion reached in Hamborsky v. Magyar Presbyterian Church, No. 38, March Term, 1922, in which an opinion was this day filed, requires that the appeal in this case be dismissed, and it is so ordered.

---

# Thomas et al., *v.* Borough of Hellertown, Appellant.

*Boroughs—Streets—Opening—Borough Act of May 14, 1915—Procedure to test validity—Equitable principles.*

The Borough Act of May 14, 1915, P. L. 312, establishes the procedure for opening streets in boroughs, and for testing the validity of such action. The commands of a statute cannot be waived or dispensed with by a court.

Where, in proceedings to assess damages and benefits upon the opening of a borough street, every statutory requirement was properly fulfilled, and property holders appeared before the viewers, were heard, and had their day in court, without taking any step to challenge the action until nineteen days after final confirmation, it was error for the court to set aside the confirmation and to direct, on "equitable principles," that the viewers should view the premises and make a further report. The statute governs, not "equitable principles," and the court had no authority to reopen the proceedings.

Argued December 6, 1921. Appeal, No. 188, Oct. T., 1921, by respondent, from order of C. P. Northampton County, Feb. T., 1921, No. 828, setting aside final confirmation of report of viewers, in the case of William H. Thomas, William P. Thomas and Charles H. Wetterman v. Borough of Hellertown. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed